```
Robert L. Shipley, CA State Bar No. 109420
rshipley@shipleylaw.com
Brandon S. Gray, CA State Bar No. 279881
bgray@shipleylaw.com
ROBERT L. SHIPLEY, APLC
2784 Gateway Road, Suite 104
Carlsbad, CA 92009
Telephone: 1.760.438.5199

Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.
```

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRISCILLA SOLORIO** and **MARIANO DIAZ**, on behalf of themselves and all others similarly situated persons,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>**ABC PHONES OF NORTH CAROLINA, INC.** a Corporation, and **DOES 1 to 100, inclusive,**<br><br>　　Defendants. | Case No.　1:20-at-538<br><br>**DEFENDANT ABC PHONES OF NORTH CAROLINA, INC'S NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT**<br><br>**[CLASS ACTION]**<br><br>[*Filed concurrently with Defendant's Civil Case Cover Sheet; Declaration of Adam Reed in Support of Defendant's Notice of Removal and Declaration of Robert L. Shipley in Support of Defendant's Notice of Removal, and Exhibits*]<br><br>State Court Case No. BCV-20-101428<br>State Action Filed: June 22, 2020<br>State Action Served: June 30, 2020 |

**TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ABC Phones of North Carolina, Inc. ("ABC Phones" or "Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California, County of Kern to the

1-DEFENDANT'S NOTICE OF REMOVAL

United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice, Defendant states as follows:

## FACTUAL BACKGROUND

1. **Complaint.** On or around June 22, 2020, Plaintiffs Priscilla Solorio and Mariano Diaz ("Plaintiffs") commenced a putative class action case against Defendant, Case No. BCV-20-101428, *Solorio et al. v. ABC Phones of North Carolina, Inc.*, in the Superior Court of California, County of Kern. In their Complaint, Plaintiffs allege claims for: (1) Failure to Compensate for All Hours Worked, (2) Failure to Pay Overtime Wages, (3) Failure to Provide Meal and Rest Periods, (4) Failure to Timely Reimburse for Necessary Business Expenditures, (5) Failure to Provide Accurate, Timely, and Itemized Wage Statements, (6) Waiting Time Penalties, (7) Unfair Business Practices. See generally Complaint ("Compl.") attached as **Exhibit "1"** to the Declaration of Robert L. Shipley ("Shipley Decl.") filed concurrently herewith.

2. **Papers Served to Date**. On June 30, 2020, Defendant received service of process of the Summons, Complaint, Civil Case Cover Sheet, Case Assignment, and ADR Packet. Shipley Decl. ¶ 4. Attached to the Shipley Declaration is the Complaint (**Exhibit "1"**); Summons (**Exhibit "2"**), Civil Case Cover Sheet (**Exhibit "3"**), Case Assignment (**Exhibit "4"**), and ADR Packet (**Exhibit "5"**) . *Id.* ¶ 4. On July 27, 2020, Defendant filed its Answer by way of General Denial and Affirmative Defenses to the Complaint (attached to the Shipley Decl. as **Exhibit "6". Exhibits "1" through "6"** constitute all process, pleadings, and orders served on and/or by Defendant.) *Id.* ¶ 6.

## DIVERSITY OF CITIZENSHIP JURISDICTION

3. This Court also has original subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1332(d)(2) and 1441(a) because it is a civil action between citizens of different states, in which the amount in controversy exceeds $5 Million, exclusive of interest and costs.

2-DEFENDANT'S NOTICE OF REMOVAL

**Diversity of Citizenship Is Met**

4.  **Plaintiffs' Citizenship.** Plaintiff Priscilla Solorio alleges that she "was a resident of Kern County and Fresno County," both of which are located in the State of California. Compl. ¶ 18. Plaintiff Mariano Diaz alleges that he "was a resident of San Diego County," which is located in the State of California. Defendant believes, consistent with Plaintiffs' allegations, that Plaintiffs were at the time of the filing of the Complaint, and remain at the time of this removal, citizens of California.

5.  **Defendants' Citizenship**. Defendant ABC Phones is a corporation organized under the laws of North Carolina with its principal place of business in North Carolina. *See* Declaration of Adam Reed ("Reed Decl.") ¶ 2. Its principal place of business, headquarters, and center of direction, control, and coordination are also located in North Carolina. *Ibid.* Defendant ABC Phones' corporate decisions are made in North Carolina, including its operational, executive, administrative, and policymaking decisions. *Ibid.* The majority of Defendant ABC Phones' executive officers conduct their business in North Carolina. *Ibid* at ¶ 3. The majority of administrative functions crucial to Defendant ABC Phones' day-to-day operations are conducted in North Carolina. *Ibid.* The respective officers responsible for developing policies and protocols for Defendant ABC Phones' nationwide operations are in Raleigh, North Carolina. *Ibid.* Accordingly, Defendant ABC Phones is a citizen of the state of North Carolina, not California.

6.  Plaintiffs also correctly alleged that Defendant ABC "is a North Carolina corporation with its Principal Executive Office in Raleigh, North Carolina." *See* Complaint at ¶ 21.

7.  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.*

3-DEFENDANT'S NOTICE OF REMOVAL

8. The diversity requirements of 28 U.S.C §§ 1332(a) are met given that Plaintiffs are citizens of California and Defendant is a citizen of North Carolina.[1]

**The Amount in Controversy Is Met**

9. **Amount in Controversy Exceeds $5 Million**. Plaintiffs did not disclose in their putative class action Complaint the amount of damages they seek on behalf of themselves and others similarly situated. At the time of removal, however, Defendant contends the amount in controversy in this action exceeds $5 Million, exclusive of interest and costs. Generally, "notice of removability…is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The calculation of the amount in controversy may include common law and statutory damages, exemplary, and punitive damages, attorneys' fees when authorized by statute, and back pay. *Guglielmino*, 506 F.3d at 700-701. "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (2018).

10. Defendant alleges that the amount in controversy exceeds the jurisdictional threshold for the following reasons:

    a. Plaintiffs define the putative class in their Complaint as "[a]ll current and former non-exempt, hourly Store Managers who worked for Defendant at its retail locations in California during the time period from four years prior to the filing of this Complaint until the resolution of this action (the 'Class')."" *See* Compl. ¶ 53.

    b. Plaintiffs pray for, among other things, damages and restitution, liquidated damages,

---

[1] The citizenships of the Doe Defendants are irrelevant to the diversity of citizenship analysis. Because they are unidentified, the Court and the Parties have no information as to who they are or where they live. Thus, it is proper for the Court to disregard them. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

4-DEFENDANT'S NOTICE OF REMOVAL

and attorneys' fees. *See* Compl., Prayer. Statutory attorneys' fees are properly considered in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

    c.    Plaintiffs failed to provide any allegation relating to the numerosity of the putative class.

    d.    Defendant estimates that it has employed approximately 4000 "hourly Store Managers" during the time period covered by Plaintiffs' Complaint. *See* Declaration of Adam Reed at ¶ 4.

11.    At 1000 putative class members, Plaintiffs would need to recover approximately $5000 per putative class member to meet the amount in controversy threshold. This per-employee figure is significantly reduced when attorneys' fees and potential punitive damages are factored into the calculus. Given Plaintiffs' allegations of off-the-clock work, unpaid overtime, and meal and rest break violations, Defendant plausibly alleges that the amount in controversy exceeds $5 Million. In the event Plaintiffs dispute Defendant's plausible allegation, Defendant reserves its right to produce evidence in support of its allegation. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)("Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.").

12.    Defendant denies Plaintiffs' substantive allegations and denies causing them or any putative class member any damage. Nonetheless, the right of removal is based on the amount *at issue* in the lawsuit, and Plaintiffs, by their claims, seek more than $5 Million, satisfying the amount in controversy requirement.

## PROCEDURAL MATTERS

13.    **Removal is Timely**.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be

ascertained that the case is removable. 28 U.S.C. § 1446(b). Here, Defendant did not receive any pleading, motion, or other paper from which it could ascertain that Plaintiffs seek damages exceeding $5 Million. Shipley Decl. ¶ 3. Even Plaintiffs' Complaint, served on June 30, 2020, does not expressly disclose the amount Plaintiffs seek to recover. Accordingly, Defendant's thirty-day deadline to file a Notice of Removal began to run, at the absolute earliest, on June 30, 2020, and therefore expires on July 30, 2020.

14. Because this Notice of Removal is being filed on or prior to July 30, 2020, it is timely.

15. **Removal to Proper Court.** This Court is part of the "district and division embracing the place where" Plaintiffs' state court action was filed, which is Kern County, California. 28 U.S.C. § 1446(a). Accordingly, removal to this Court is proper.

16. **Venue**. Venue is proper in this Action under 28 U.S.C § 1391(b)(2) because a substantial part of the alleged events or omissions giving rise to Plaintiffs' claims occurred in Kern County, California, given that Plaintiffs filed their action in the Superior Court in Kern County, California. *See* Compl.

17. **Filing and Service**. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California for the County of Kern, and is being served on all counsel of record, consistent with 28 U.S.C. §1446(d). The Superior Court of the State of California for the County of Kern is located within this district. Pursuant to 28 U.S.C. §1446(d), Defendant is also filing in the Superior Court for the County of Kern and serving upon Plaintiff a separate document entitled "Notice of Filing of Notice of Removal to Federal Court."

18. **Non-Waiver of Claims**. By removing this action to this Court, Defendant does not waive any defenses available to it, including but not limited to, defenses based on defects in or inadequacy of service of process and/or lack of personal jurisdiction.

6-DEFENDANT'S NOTICE OF REMOVAL

19.     **Pleadings and Process**.  In compliance with 28 U.S.C. §1446(a), a "copy of all process, pleadings, and order served upon" Defendant prior to the filing of this Notice of Removal are attached to the Shipley Declaration, collectively as **Exhibits "1" through "6"**.

20.     WHEREFORE, Defendant respectfully requests that this action be removed in its entirety from the California Superior Court for the County of Kern to this Court pursuant to 28 U.S.C. §1441. A Notice of Notice of Removal will be filed with the California Superior Court.

ROBERT L. SHIPLEY, APLC

Dated:  July 29, 2020

By: /s/ *Robert L. Shipley*
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.

## **CERTIFICATE OF SERVICE**

I, Robert L. Shipley, an attorney admitted to practice before this Court, do hereby certify that on July 29, 2020, I caused a copy of the foregoing **DEFENDANT ABC Phones Of North Carolina, Inc.'s (1)Notice of Removal, Civil Cover Sheet (2) Notice of Interested Parties/Corporate Disclosure; and (3) Declaration of Adam Reed ISO Removal** to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

ROBERT L. SHIPLEY, APLC

Dated: July 29, 2020

By:___ /s/ *Robert L. Shipley*_____
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.