USED Case No. 1:20-at-538

**EXHIBIT "1"**

ELECTRONICALLY FILED
6/22/2020 7:14 PM
Kern County Superior Court
By Candice Rocha, Deputy

Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiffs and the Putative Class

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF KERN

PRISCILLA SOLORIO and MARIANO DIAZ, on behalf of themselves and all others similarly situated,

     Plaintiffs,

vs.

ABC PHONES OF NORTH CAROLINA, INC.; and DOES 1-100, inclusive,

     Defendants.

Case No. BCV-20-101428

**CLASS ACTION COMPLAINT**

(1) **Failure to Compensate for All Hours Worked (Cal. Labor Code §§ 200, 204, 1194, and 1198)**
(2) **Failure to Pay Overtime Wages (Cal. Labor Code §§ 200, 510, 1194)**
(3) **Failure to Provide Meal and Rest Periods (Cal. Labor Code §§ 203, 223, 226.7, 512, and 1198)**
(4) **Failure to Timely Reimburse for Necessary Business Expenditures (Cal. Labor Code § 2802)**
(5) **Failure to Provide Accurate, Timely, and Itemized Wage Statements (Cal. Labor Code § 226)**
(6) **Waiting Time Penalties (Cal. Lab. Code §§ 201-203)**
(7) **Unfair Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.)**

**DEMAND FOR JURY TRIAL**

1

**CLASS ACTION COMPLAINT**

2

Priscilla Solorio and Mariano Diaz, on behalf of themselves and all others similarly

3

situated ("Plaintiffs"), complain and allege as follows:

4

**INTRODUCTION**

5

1.    Plaintiffs bring this class action on behalf of themselves and other similarly situated

6

individuals who have worked for ABC Phones of North Carolina, Inc. ("Defendant") as non-

7

exempt, hourly Store Managers at Defendant's retail locations in California.

8

2.    Defendant is a retailer of cellular phones, other devices, and cellular plans, and has

9

numerous locations throughout California and the United States.

10

3.    This is a class action against Defendant to challenge its policies and practices of (1)

11

failing to compensate Plaintiffs and putative Class members for all hours worked; (2) failing to

12

pay Plaintiffs and putative Class members overtime wages; (3) failing to authorize and permit

13

Plaintiffs and putative Class members to take meal and rest breaks to which they are entitled by

14

law and pay premium compensation for missed breaks; (5) failing to reimburse Plaintiffs and

15

putative Class members for necessary business expenditures; (6) failing to provide Plaintiffs and

16

putative Class members accurate, itemized wage statements; and (7) failing to timely pay

17

Plaintiffs and putative Class members wages owed upon the termination of employment.

18

4.    Plaintiffs and putative Class members are current and former non-exempt, hourly

19

Store Managers at Defendant's retail locations in California.[1] They provide services including, but

20

not limited to, managing Defendant's retail stores, completing sales, and performing all of the

21

tasks of rank-and-file employees. Plaintiffs and putative Class members work long and difficult

22

hours, and routinely work 60 hours per week and more.

23

5.    Plaintiffs and putative Class members perform off-the-clock work for which they are

24

not adequately compensated. If they are working an opening shift, Plaintiffs and putative Class

25

26

27

[1] Although Plaintiffs are former employees, the putative Class includes current and former employees.  For ease of discussion, the allegations herein are made in the present tense.

28

1  members have to disengage Defendant's alarm systems and unlock the store's doors, all of which

2  occurs off-the-clock. They then have to log in to the computer system and load the necessary

3  application before they are able to clock in for work via Defendant's timekeeping system.

4  Plaintiffs and putative Class members routinely arrive at work before their schedule shift times, to

5  complete tasks such as counting inventories of cellular phones, but are instructed not to clock in

6  until their scheduled shift begins. If they are working a closing shift, Plaintiffs and putative Class

7  members are required to spend additional time working off-the-clock. After they clock out,

8  Plaintiffs and putative Class members have to engage Defendant's alarm systems and lock the

9  store's doors, which occurs off-the-clock. Plaintiffs and putative Class members additionally spend

10  significant amounts of time at the store performing work for Defendant while off-the-clock, on

11  tasks including but not limited to completing sales, inventories, creating reports, training new

12  employees, and cleaning, before and after their scheduled shifts.

13        6.     Moreover, Plaintiffs and putative Class members routinely take work-related calls

14  and text messages outside of their shifts from Defendant and its employees, without pay. Plaintiffs

15  and putative Class members spend large amounts of time on conference calls with Defendant's

16  District Managers, other managers, and rank-and-file employees, outside of their shifts and without

17  pay. These calls are often lengthy. Plaintiffs and putative Class members also spend significant

18  amounts of time on work-related communications in group messaging applications, including but

19  not limited to WhatsApp and GroupMe, with Defendant's District Managers, other managers, and

20  rank-and-file employees, outside of their shifts and without pay.

21        7.     Because of these issues, Defendant does not pay Plaintiffs and putative Class

22  members for all hours worked, including overtime. Ultimately, the daily time that Defendant

23  requires Plaintiffs and putative Class members to work without compensation deprives them of

24  substantial amounts of pay to which they are entitled under the laws of the State of California.

25        8.     As Plaintiffs and putative Class members regularly work in excess of eight hours per

26  day and forty hours per week, at least some of this off-the-clock work should be compensated at

27  overtime rates. However, Defendant fails to pay for any of this work time, including the required

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Solorio, et al. v. ABC Phones of North Carolina, Inc., et al.*

1 overtime premiums, in violation of the California Labor Code.

2      9.     Plaintiffs and putative Class members regularly work in excess of six hours per day
3 and are routinely denied timely and compliant meal and rest periods, and the requisite pay for
4 working through such breaks.

5      10.    As a result of understaffing and Defendant's unremitting pressure to keep labor costs
6 down, Defendant routinely refuses to authorize, permit, and/or make available full, timely,
7 uninterrupted thirty-minute meal periods as required by law. Instead, Plaintiffs and putative Class
8 members regularly work past the fifth hour of work without the opportunity to take a meal break.
9 Even when they do receive some form of timely meal break, Plaintiffs and putative Class members
10 remain on call at all times. The break it is often interrupted and Plaintiffs and putative Class
11 members are required to perform work during the break.

12      11.    Defendant likewise routinely refuses to authorize or permit Plaintiffs and putative
13 Class members to take ten-minute rest periods as required by California law.

14      12.    Plaintiffs and putative Class members are also required to pay out of pocket for
15 necessary business expenses accrued as a result of their work for Defendant, but they are not
16 reimbursed for these expenses. Defendant requires Plaintiffs and putative Class members to use
17 their personal cellular phones for extensive work-related communications, but does not reimburse
18 for these expenditures.

19      13.    As a result of the above violations, Defendant fails to provide Plaintiffs and putative
20 Class members with accurate, itemized wage statements. Defendant has also failed to pay all
21 wages due when these hourly employees, like Plaintiffs, voluntarily or involuntarily terminated
22 their employment with Defendant.

23      14.    Defendant is also liable for violation of the Unfair Competition Law, Business and
24 Professions Code §§ 17200, *et seq.* ("UCL").

25      15.    Plaintiffs seek full compensation on behalf of themselves and other similarly situated
26 current and former employees of Defendant for all unpaid wages, overtime wages, denied premium
27 pay for missed meal and rest periods, unreimbursed business expenses, inaccurate wage

28

1   statements, and waiting time penalties. Plaintiffs seek compensation, damages, penalties, and

2   interest to the full extent permitted by the California Labor Code and the Industrial Welfare

3   Commission ("IWC") Wage Orders.

4       16.     Plaintiffs also seek declaratory, equitable, and injunctive relief, including restitution.

5       17.     Finally, Plaintiffs seeks reasonable attorneys' fees and costs under the California

6   Labor Code and California Code of Civil Procedure § 1021.5.

7                                    **PARTIES**

8       18.     Plaintiff Solorio is an individual over the age of eighteen, and at all times

9   mentioned in this Complaint was a resident of Kern County and Fresno County. Plaintiff Solorio

10  was employed by Defendant from approximately March 2018 until August 2019. She worked as a

11  Store Manager for Defendant from approximately September 2018 until August 2019. Plaintiff

12  Solorio worked for Defendant at its store locations in Delano, California and Fresno, California.

13      19.     Plaintiff Diaz is an individual over the age of eighteen, and at all times mentioned

14  in this Complaint was a resident of San Diego County. Plaintiff Diaz was employed by Defendant

15  from approximately October 2017 to June 2019, and worked for Defendant as a Store Manager.

16  Plaintiff Diaz worked for Defendant at its store location in Chula Vista, California.

17      20.     Plaintiffs and the putative Class members are currently and/or formerly employed

18  as non-exempt, hourly Store Managers at Defendant's retail locations in California, during the

19  time period four years before the filing of the Complaint in this matter to its resolution.

20      21.     Defendant ABC Phones of North Carolina, Inc. is a North Carolina corporation

21  with its Principal Executive Office in Raleigh, North Carolina. ABC Phones of North Carolina,

22  Inc. is registered as a foreign corporation with the California Secretary of State and does business

23  in the State of California. On information and belief, ABC Phones of North Carolina, Inc. is a

24  retailer of wireless communications devices and plans.

25      22.     Plaintiffs are informed, believe, and thereon allege that Defendant operates retail

26  locations, including but not limited to stores under the "Victra" moniker. Plaintiffs are informed,

27  believe, and thereon allege that Defendant operates retail locations throughout California,

28                                    4
        CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
        *Solorio, et al. v. ABC Phones of North Carolina, Inc., et al.*

1  including in Kern County. Plaintiffs are informed, believe, and thereon allege that Defendant

2  employs non-exempt employees, including Store Managers, throughout California, including in

3  Kern County.

4        23.    Defendant employs Plaintiffs and the putative Class members.

5        24.    The true names and capacities, whether individual, corporate, associate, or

6  otherwise, of Does 1-100, inclusive, are unknown to Plaintiffs, who therefore sue the Doe

7  Defendants by fictitious names.  Plaintiffs are informed, believe, and thereon allege that each of

8  these fictitiously-named Defendants is responsible in some manner for the occurrences and

9  Plaintiffs' and putative Class members' damages as herein alleged. Plaintiffs will amend this

10  Complaint to show their true names and capacities when they have been ascertained. Defendants

11  are jointly and severally liable for Plaintiffs' and putative Class members' damages.

12        25.    At all relevant times, Defendants have done business under the laws of California,

13  have had places of business in California, including in this judicial district, and have employed

14  putative Class members in this judicial district. Defendants are "persons" as defined in Labor

15  Code § 18 and Business and Professions Code § 17201. Defendants are also "employers" as that

16  term is used in the Labor Code and IWC Wage Orders.

17        **JURISDICTION AND VENUE**

18        26.    This Court has personal jurisdiction over Defendant because Defendant does

19  business in California and is registered with the California Secretary of State, and Plaintiffs are

20  residents of California.

21        27.    This Court has general jurisdiction over Plaintiffs' and putative Class members'

22  California Labor Code claims. This Court also has jurisdiction over Plaintiffs' and putative Class'

23  members claims for penalties in violation of the Labor Code pursuant to Business and Professions

24  Code § 17202, as well as pursuant to the applicable California Labor Code provisions.

25        28.    Venue is proper in this County pursuant to Code of Civil Procedure § 395(a).

26  Defendant conducts business and has locations in this County. A substantial portion of the events

27  giving rise to the causes of action herein occurred in this County.

28

## FACTUAL ALLEGATIONS

29.     Defendant is in the business of selling mobile telephone devices and services at its retail stores. Defendant operates its retail stores throughout the United States, including California.

30.     Plaintiffs are former non-exempt, hourly employees, who worked as Store Managers for Defendant. Plaintiffs were paid approximately $16 per hour, plus potential commissions and bonuses that they could earn based on sales. Plaintiffs' duties included, but were not limited to, selling and setting up cellular phones, devices, accessories, and related service plans, assisting customers with phone and service issues, troubleshooting equipment issues, monitoring customer traffic within the store, managing store employees and performance, interacting with District Managers, and tracking metrics.

31.     Similar to Plaintiffs, the putative Class members are current and former non-exempt, hourly Store Managers at Defendant's retail locations in California. As Defendant's employees, putative Class members are expected to sell Defendant's products and services to customers in Defendant's retail locations and handle managerial activities for the store. Plaintiffs are informed, believe, and thereon allege that the policies and practices of Defendant have at all relevant times been similar for Plaintiffs and the putative Class members, regardless of store location in California.

32.     During Plaintiffs' tenure with Defendant, they typically were scheduled to work eight hours per day, five days a week, for a total of approximately 40 hours per week. Plaintiffs in fact worked these scheduled hours. However, Plaintiffs were regularly required by management to work additional hours far beyond this scheduled time. On some days, including but not limited to around the holidays or other peak sales periods, Plaintiffs worked ten hours per day and more. Additionally, Plaintiffs were regularly unable to take a meal break at the required time, and would otherwise have to perform work and be under Defendant's control during breaks.

33.     Defendant requires Plaintiffs and putative Class members to perform work tasks before the beginning and after the end of their paid shifts. This requirement results in Defendant's

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Solorio, et al. v. ABC Phones of North Carolina, Inc., et al.*

1  non-exempt, hourly employees performing off-the-clock work, including overtime work, which
2  goes unrecorded and unpaid by Defendant.

3      34.    Specifically, Defendant requires its Store Managers to arrive at the store prior to the
4  start of their paid shifts to perform work activities. Under Defendant's company-wide practice,
5  Defendant requires Plaintiffs and putative Class members to log in to the company's computer
6  system by entering their credentials. The workers then log in to a timekeeping application to clock
7  in for their shift. This task alone routinely takes three to five minutes or more. This time is unpaid.

8      35.    The off-the-clock work is exacerbated when Plaintiffs and putative Class members
9  work opening and closing shifts. When the employees work an opening shift, they have to
10  physically open, or unlock the store for the day, and disengage the alarm. They then have to log in
11  to the computer system and load the necessary application to clock in for work via Defendant's
12  timekeeping system. By the time they are "on-the-clock", Plaintiffs and putative Class members
13  have spent approximately five to ten minutes performing work-related duties. For closing shifts,
14  Plaintiffs and putative Class members have to engage Defendant's alarm systems and lock the
15  store's doors after they clock out, which occurs off-the-clock. This time is unpaid.

16      36.    Moreover, Plaintiffs and putative Class members routinely arrive at work before
17  their schedule shift times, to complete tasks such as counting inventories of cellular phones, but are
18  instructed not to clock in until their scheduled shift begins. Plaintiffs and putative Class members
19  additionally spend significant amounts of time at the store performing work for Defendant while
20  off-the-clock, on tasks including but not limited to completing sales, inventories, creating reports,
21  training new employees, and cleaning. This off-the-clock work occurs before and after their
22  scheduled shifts.

23      37.    Plaintiffs and putative Class members routinely perform additional work off-the-
24  clock while they are away from the store location. Plaintiffs and putative Class members take
25  work-related calls and text messages outside of their shifts from Defendant's managers and
26  employees, without pay. Plaintiffs and putative Class members spend large amounts of time on
27  conference calls with Defendant's District Managers, other managers, and rank-and-file

28

7

1    employees, outside of their shifts and without pay. These calls are often lengthy. Plaintiffs and

2    putative Class members also spend significant amounts of time on work-related communications in

3    group messaging applications, including but not limited to WhatsApp and GroupMe, with

4    Defendant's District Managers, other managers, and rank-and-file employees, outside of their

5    shifts and without pay. These calls and messaging occur regularly and with Defendant's

6    knowledge. Plaintiffs and putative Class members are not compensated for this time that

7    Defendant requires, suffers, and/or permits them to work.

8         38.    Defendant also requires Plaintiffs and putative Class members to work off-the-clock

9    to review metrics and attend meetings, again outside of their schedule shifts and without pay.

10        39.    All of this time that Defendant requires Plaintiffs and putative Class members to

11   work without compensation deprives them of substantial amounts of pay to which they are entitled

12   under California law.  As Plaintiffs and putative Class members work long hours, well in excess of

13   eight hours per day and 40 hours per week, this unpaid time is owed to them at both straight-time

14   and overtime rates.

15        40.    Moreover, Defendant routinely denies timely and compliant off-duty meal periods

16   and routinely refuses to authorize or permit Plaintiffs and putative Class members to take

17   compliant rest periods.  Plaintiffs and putative Class members typically work in excess of eight

18   hours per day, yet are routinely denied meal and rest periods for two reasons: (1) Defendant does

19   not authorize, permit, and/or make available timely meal and rest breaks for Plaintiffs and putative

20   Class members; and (2) Defendant knows or has reason to know that Plaintiffs and putative Class

21   members are too busy with work during the day to have time to take bona fide meal and rest

22   breaks. Specifically, Plaintiffs and putative Class Members are often too busy or not able to take

23   meal and rest periods because their managers instruct them to complete sales and to prioritize the

24   breaks of non-managerial employees. Management interrupts Plaintiffs and putative Class

25   members with other work requests as well and also directs them to answer work-related calls on

26   their telephones during breaks.

27        41.    As a result, Plaintiffs and putative Class members regularly work past the fifth hour

28                                                    8

1   of work without the opportunity to take a meal break. Often, they are working with a customer in a

2   lengthy interaction when the fifth hour of work strikes, but they are unable to hand off the

3   customer to another employee so that they can take their break.

4       42.    Even when they do receive some form of meal break, it is often interrupted and

5   Plaintiffs and putative Class members are required to perform work during the break. As a result of

6   these issues, Plaintiffs and putative Class members spend time performing work for Defendant

7   even though they are off-the-clock on a meal break in Defendant's timekeeping records.

8       43.    Defendant denies compliant meal periods to these workers on most workdays, and

9   virtually never provides compliant rest periods.

10      44.    When Plaintiffs and putative Class members experience untimely or interrupted meal

11  and rest breaks, or do not receive these breaks at all, Defendant fails to pay them the required

12  premium pay.

13      45.    Defendant's off-the-clock and meal and rest break violations for Store Managers are

14  borne of its policies and practices regarding labor hours and overtime in its stores. Defendant

15  enforces strict labor budgets in its stores, in which headcounts and labor hours are allocated and

16  closely monitored as a means to keep labor costs down. Defendant's managers, including but not

17  limited to District Managers, keenly monitor and enforce the amount of hours worked by each

18  employee in each store. When labor exceeds Defendant's budgeting, Defendant's managers

19  demand immediate explanations and corrective action from the Store Managers.

20      46.    As a result of Defendant's labor budgeting policies and practices, there are regularly

21  insufficient employees in the retail stores to handle all customer traffic while allowing Plaintiffs

22  and putative Class members to obtain pay for all hours worked and to take the meal and rest breaks

23  to which they are entitled. To keep labor hours down, Defendant expects Plaintiffs and putative

24  Class members to work off the clock, and to provide break relief for rank-and-file employees.

25  Defendant's managers instruct Plaintiffs and putative Class members to work off-the-clock and to

26  work through breaks.

27      47.    Plaintiffs and putative Class members are also required to pay out of pocket for

28                                          9

1 necessary business expenses accrued as a result of their work for Defendant, but they are not

2 reimbursed for these expenses. Defendant requires Plaintiffs and putative Class members to use

3 their personal cellular phones and personal cellular voice, text, and data plans for extensive,

4 regular work-related communications. This usage includes, but is not limited to, usage of phones

5 for work calls, text messages, and group messaging applications, including but not limited to

6 WhatsApp and GroupMe. Defendant does not reimburse Plaintiffs and putative Class members for

7 their work-related usage of personal cellular phones and personal cellular voice, text, and data

8 plans.

9     48.    Defendant does not provide Plaintiffs and putative Class members with accurate

10 wage statements as required by California law. These workers receive wage statements that do not

11 reflect all hours worked, premium pay for missed meal and rest breaks, and applicable overtime

12 premiums.

13     49.    Defendant does not provide Plaintiffs and putative Class members with full payment

14 of all wages owed at the end of employment. These workers are owed wages and premium pay for

15 all time worked, overtime, and missed meal and rest breaks when their employment ends. These

16 amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant

17 is subject to waiting time penalties under the California Labor Code.

18     50.    Defendant is aware that it maintains policies and practices that deprive its Store

19 Managers of compensation for time worked, including overtime compensation, and of the fact that

20 its Store Managers do not get the meal and rest periods to which they are entitled. Therefore, the

21 denial of wages and compliant meal and rest periods to Plaintiffs and putative Class members is

22 knowing and willful.

23     51.    Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful

24 conduct has been widespread, repeated, and consistent as to the putative Class members and

25 throughout Defendant's operations in California.

26     52.    Defendant's conduct was willful, carried out in bad faith, and caused significant

27 damages to Plaintiffs and putative Class members in an amount to be determined at trial.

28

## CLASS ALLEGATIONS UNDER CALIFORNIA LAW

53.  Plaintiffs bring this case as a class action on behalf of themselves and all others similarly situated pursuant to California Code of Civil Procedure § 382.  The putative Class that Plaintiffs seek to represent is defined as follows:

> All current and former non-exempt, hourly Store Managers who worked for Defendant at its retail locations in California during the time period from four years prior to the filing of this Complaint until the resolution of this action (the "Class").

54.  This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

    a.  **Numerosity**: The potential members of the putative Class as defined are so numerous that joinder of all the members of the Class is impracticable.

    b.  **Commonality**: There are questions of law and fact common to Plaintiffs and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

        i.  Whether Defendant fails to compensate putative Class members for all hours worked in violation of the Labor Code and Wage Orders;

        ii.  Whether Defendant fails to compensate putative Class members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

        iii.  Whether Defendant fails to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day in violation of the Labor Code and Wage Orders;

        iv.  Whether Defendant fails to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day in violation of Business and Professions Code §§ 17200 *et seq.*;

        v.  Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

11

vi.     Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

vii.    Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

viii.   Whether Defendant fails to authorize, permit, make available, and/or provide putative Class members with compliant rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

ix.     Whether Defendant fails to reimburse putative Class members for reasonable business expenses that they incur in violation of the Labor Code and Wage Orders;

x.      Whether Defendant fails to reimburse putative Class members for reasonable business expenses that they incur in violation of Business and Professions Code §§ 17200 *et seq.*;

xi.     Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

xii.    Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of Business and Professions Code §§ 17200 *et seq.*;

xiii.   Whether Defendant fails to timely pay putative Class members for all wages owing upon termination of employment in violation of the Labor Code and Wage Orders;

xiv.    Whether Defendant fails to timely pay putative Class members for all wages owing upon termination of employment in violation of Business and Professions Code §§ 17200 *et seq.*; and

xv.     The proper formula for calculating restitution, damages and penalties

12

owed to Plaintiffs and the putative Class alleged herein.

c. **Typicality**:  Plaintiffs' claims are typical of the claims of the putative Class. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and putative Class members to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the putative Class.

d. **Adequacy of Representation**:  Plaintiffs are members of the putative Class, have no conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiffs is competent and experienced in litigating large employment class actions, including wage and hour class actions. Plaintiffs will fairly and adequately represent and protect the interests of the Class members.

e. **Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the Parties and the judicial system. The injury suffered by each Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow these similarly situated persons to litigate their claims in the manner that is most efficient and economical for the Parties and the judicial system. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication

13

1   with respect to individual members of the Class, and, in turn, would establish incompatible

2   standards of conduct for Defendant.

3   **FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked**
4   **Pursuant to Labor Code §§ 200, 204, 1194, and 1198**
**(On Behalf of the Class)**
5

6   55.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

7   herein.

8   56.   Plaintiffs allege that Defendant willfully engaged and continues to engage in a policy

9   and practice of not compensating Plaintiffs and putative Class members for all hours worked or

10   spent in Defendant's control.

11   57.   Defendant regularly requires Plaintiffs and putative Class members to perform

12   uncompensated off-the-clock work. Detailed above, Defendant required, suffered, and/or

13   permitted Plaintiffs and the putative Class to perform work for the benefit of Defendant without

14   compensation, with Defendant's knowledge.

15   58.   Labor Code § 200 defines wages as "all amounts for labor performed by employees

16   of every description, whether the amount is fixed or ascertained by the standard of time, task,

17   piece, commission basis or method of calculation."

18   59.   Labor Code § 204(a) provides that "[a]ll wages … earned by any person in any

19   employment are due and payable twice during each calendar month…."

20   60.   Labor Code § 1194(a) provides as follows:

21   Notwithstanding any agreement to work for a lesser wage, any employee receiving
less than the legal minimum wage or the legal overtime compensation applicable to
22   the employee is entitled to recover in a civil action the unpaid balance of the full
amount of this minimum wage or overtime compensation, including interest thereon,
23   reasonable attorneys' fees, and costs of suit.

24   61.   Labor Code § 1198 makes it unlawful for employers to employ employees under

25   conditions that violate the Wage Order.

26   62.   IWC Wage Orders 7-2001(2)(G) and 4-2001(2)(K) define hours worked as "the time

27   during which an employee is subject to the control of an employer, and includes all the time the

28   14
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Solorio, et al. v. ABC Phones of North Carolina, Inc., et al.*

1   employee is suffered or permitted to work, whether or not required to do so...."

2       63.   In violation of California law, Defendant knowingly and willfully refuses to perform

3   its obligation to provide Plaintiffs and putative Class Members with compensation for all time

4   worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein

5   knowingly and willfully, and in conscious disregard of Plaintiffs' and putative Class members'

6   rights. Plaintiffs and putative Class members are thus entitled to recover nominal, actual, and

7   compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

8       64.   As a proximate result of the aforementioned violations, Plaintiffs and the putative

9   Class have been damaged in an amount according to proof at time of trial.

10      65.   Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

11
                        **SECOND CAUSE OF ACTION**
12                       **Failure to Pay Overtime Wages**
                  **Pursuant to Labor Code §§ 200, 510, and 1194**
13                          **(On Behalf of the Class)**

14      66.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

15  herein.

16      67.   Defendant does not properly compensate Plaintiffs and putative Class members with

17  appropriate overtime premiums, including time and a half premiums based on their regular rate of

18  pay, as required by California law.

19      68.   Labor Code § 510(a) provides as follows:

20      Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
        one workday and any work in excess of 40 hours in any one workweek and the first
21      eight hours worked on the seventh day of work in any one workweek shall be
        compensated at the rate of no less than one and one-half times the regular rate of pay
22      for an employee.  Any work in excess of 12 hours in one day shall be compensated
        at the rate of no less than twice the regular rate of pay for an employee.  In addition,
23      any work in excess of eight hours on any seventh day of a workweek shall be
        compensated at the rate of no less than twice the regular rate of pay of an employee.
24      Nothing in this section requires an employer to combine more than one rate of
        overtime compensation in order to calculate the amount to be paid to an employee
25      for any hour of overtime work.
26
        69.   Labor Code § 1194(a) provides as follows:
27
        Notwithstanding any agreement to work for a lesser wage, any employee receiving
28                                              15

less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

70.   Labor Code § 200 defines wages as "all amounts of labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

71.   Defendant's policies and practices of requiring Plaintiffs and the putative Class members to perform work off-the-clock before and after their paid shifts are unlawful.  Even absent this off-the-clock work, many of Defendant's hourly, non-exempt Store Managers, including Plaintiffs and putative Class members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiffs and putative Class members to perform off-the-clock work before the beginning of their paid shifts, while clocked out on meal breaks, and at other times, Plaintiffs and putative Class members have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

72.   Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and putative Class members for all premium wages for overtime work. Defendant is liable to Plaintiffs and putative Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiffs and putative Class members are entitled to an award of attorneys' fees and costs as set forth below.

73.   As a proximate result of the aforementioned violations, Plaintiffs and the putative Class have been damaged in an amount according to proof at time of trial.

74.   Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

## THIRD CAUSE OF ACTION
### Failure to Authorize and Permit and/or Make Available Meal and Rest Periods Pursuant to California Labor Code 203, 223, 226.7, 512, and 1198
### (On Behalf of the Class)

75.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

76.   Defendant failed to make available and prevented full, timely, uninterrupted, compliant meal and rest breaks for Plaintiffs and putative Class members, and required them to continue working during these breaks.

77.   Defendant also failed to pay Plaintiffs and putative Class members one hour of premium pay for missed and/or noncompliant breaks.

78.   Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal and rest periods to their employees. Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty and employer control during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

79.   Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted and/or not made available. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized

17

1    and permitted and/or not made available.

2        80.   Despite these requirements, Defendant knowingly and willfully refuses to perform

3    its obligations to authorize and permit and/or make available to Plaintiffs and putative Class

4    members the ability to take the off-duty meal and rest periods to which they are entitled.

5        81.   Defendant has also failed to pay Plaintiffs and putative Class members one hour of

6    pay for each off-duty, compliant meal and/or rest period that they are denied.

7        82.   Defendant's conduct described herein violates Labor Code §§ 226.7 and 512 and the

8    applicable Wage Orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and putative

9    Class members are entitled to compensation for the failure to authorize and permit and/or make

10   available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

11       83.   As a proximate result of the aforementioned violations, Plaintiffs and the putative

12   Class have been damaged in an amount according to proof at time of trial.

13       84.   Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

14                          **FOURTH CAUSE OF ACTION**
                   **Failure to Reimburse for Necessary Business Expenditures**
15                          **Pursuant to Labor Code § 2802**
                                **(On Behalf of the Class)**
16

17       85.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

18   herein.

19       86.   Defendant did not reimburse Plaintiffs and putative Class members for necessary

20   business expenditures.

21       87.   Labor Code § 2802 provides, in relevant part:

22           An employer shall indemnify his or her employee for all necessary expenditures or
             losses incurred by the employee in direct consequence of the discharge of his or her
23           duties, or of his or her obedience to the directions of the employer, even though
             unlawful, unless the employee, at the time of obeying the directions, believed them
24           to be unlawful. ... For the purposes of this section, the term "necessary expenditures
             or losses" shall include all reasonable costs, including, but not limited to, attorney's
25           fees incurred by the employee enforcing the rights granted by this section.

26       88.   Defendant regularly requires Plaintiffs and putative Class members to pay out-of-

27   pocket expenses necessary to perform their daily work assignments.

28                                          18

89.   Defendant is liable to Plaintiffs and putative Class members for the unreimbursed expenses and civil penalties, with interest thereon.  Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below.

90.   As a proximate result of the aforementioned violations, Plaintiffs and the putative Class have been damaged in an amount according to proof at time of trial.

91.   Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements**
**Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

92.   Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

93.   Defendant does not provide Plaintiffs and putative Class members with accurate itemized wage statements as required by California law.

94.   Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated an shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

95.   The IWC Wage Orders also establish this requirement. (*See* IWC Wage Order 4-2001(7) and 7-2001(7)).

96.   Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorneys' fees.

Plaintiffs seek to recover damages, costs, and attorneys' fees under this section.

97.   Defendant fails to provide timely, accurate, itemized wage statements to Plaintiffs and the putative Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendant provides its employees, including to Plaintiffs and the putative Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly, non-exempt Store Managers spend performing certain work activities outside of their scheduled paid shifts, including but not limited to participating in business calls and other communications, logging into the computer system, setting and deactivating alarms, and other work-related activities.

98.   Defendant's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendant was aware that Plaintiffs and the putative Class members performed off-the-clock work outside of their scheduled and paid shifts, Defendant systematically fails to include this time worked in their wage statements.

99.   Plaintiffs and putative Class members have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendant's violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Defendant's violations, Plaintiffs and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendant's

20

1  incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked

2  as required by California law.

3      100.  As a proximate result of the aforementioned violations, Defendant is liable to

4  Plaintiffs and putative Class members alleged herein for the amounts described, with interest

5  thereon, in an amount according to proof at time of trial. Furthermore, Plaintiffs are entitled to an

6  award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

7      101.  Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

8  
9  

**SIXTH CAUSE OF ACTION**
**Waiting Time Penalties**
**Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

10  

11      102.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

12  herein.

13      103.  Plaintiffs and some putative Class members have left their employment with

14  Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These

15  earned, but unpaid, wages derive from time spent working outside of their scheduled and paid

16  shifts, including opening the store and logging into computer system, business calls and

17  communications, working through meal periods, performing other work-related activities, as well

18  as unpaid overtime compensation.

19      104.  Labor Code § 201 provides: "If an employer discharges an employee, the wages

20  earned and unpaid at the time of discharge are due and payable immediately."

21      105.  Labor Code § 202(a) provides:

22      If an employee not having a written contract for a definite period quits his or her
23      employment, his or her wages shall become due and payable not later than 72 hours
    thereafter, unless the employee has given 72 hours previous notice of his or her
24      intention to quit, in which case the employee is entitled to his or her wages at the
    time of quitting.

25      106.  Labor Code § 203(a) provides:

26      If an employer willfully fails to pay, without abatement or reduction, in accordance
    with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is
27      discharged or who quits, the wages of the employee shall continue as a penalty from

28  21

1

the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

2

107.  Defendant willfully refused, and continues to refuse, to provide Plaintiffs and the

3

putative Class with pay for off-the-clock work, including but not limited to work performed while

4

clocked out during meal periods, and with meal and rest period premium pay.  In particular, as

5

alleged above, Defendant knew and continues to know that Plaintiffs and the putative Class

6

members performed off-the-clock work before and after their scheduled or paid shifts, but refuses

7

to pay Plaintiffs and the putative Class members for the off-the-clock work performed.  Defendant

8

is also aware Plaintiffs and the putative Class members miss or have interrupted their meal and

9

rest breaks as a result of Defendant's unlawful policies and practices, but Defendant nevertheless

10

refuses to pay for work performed during meal breaks or to authorize premium pay for missed or

11

interrupted meal and rest periods.

12

108.  Accordingly, Defendant willfully refused and continues to refuse to pay Plaintiffs

13

and those members of the putative Class that left their employment with Defendant all the wages

14

that were due and owing them upon the end of their employment.  As a result of Defendant's

15

actions, Plaintiffs and the putative Class members have suffered and continue to suffer substantial

16

losses, including lost earnings and interest.

17

109.  Defendant's willful failure to pay Plaintiffs and putative Class members the wages

18

due and owing to them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant

19

is liable to Plaintiffs and putative Class members for all penalties owing pursuant to Labor Code

20

§§ 201-203.

21

110.  Labor Code § 203 provides that an employee's wages will continue as a penalty up

22

to thirty days from the time the wages were due.  Therefore, Plaintiffs and putative Class

23

members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

24

111.  As a proximate result of the aforementioned violations, Defendant is liable to

25

Plaintiffs and putative Class members alleged herein for the amounts described, with interest

26

thereon, in an amount according to proof at time of trial.

27

112.  Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

28

22

## SEVENTH CAUSE OF ACTION
### Unlawful Business Practices
### Pursuant to California Business and Professions Code §§ 17200, *et seq.*
### (On Behalf of the Class)

113.  Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

114.  The UCL, California Business and Professions Code §§ 17200, et seq., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

115.  Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

116.  Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

117.  Beginning at an exact date unknown to Plaintiffs, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.  violations of Labor Code §§ 200, 204, 1194, and 1198 and IWC Wage Orders pertaining to the payment of wages for all hours worked;

    b.  violations of Labor Code § 510 and IWC Wage Orders pertaining to overtime;

    c.  violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

    d.  violations of Labor Code § 2802 pertaining to unreimbursed business expenses;

    e.  violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

23

1            f.   violations of Labor Code §§ 201-203.

2          118.   The violations of these laws and regulations, as well as of the fundamental

3    California public policies protecting wages, serve as unlawful predicate acts and practices for

4    purposes of Business and Professions Code §§ 17200, *et seq.*

5          119.   The acts and practices described above constitute unfair, unlawful and fraudulent

6    business practices, and unfair competition, within the meaning of Business and Professions Code

7    §§ 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs and

8    putative Class members wages rightfully earned by them, while enabling Defendant to gain an

9    unfair competitive advantage over law-abiding employers and competitors.

10         120.   Business and Professions Code § 17203 provides that a court may make such orders

11    or judgments as may be necessary to prevent the use or employment by any person of any

12    practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to

13    prevent Defendant from repeating the unlawful, unfair and fraudulent business acts and practices

14    alleged above.

15         121.   As a direct and proximate result of the aforementioned acts and practices, Plaintiffs

16    and putative Class members have suffered a loss of money and property, in the form of unpaid

17    wages which are due and payable to them.

18         122.   Business and Professions Code § 17203 provides that the Court may restore to any

19    person in interest any money or property which may have been acquired by means of such unfair

20    competition. Plaintiffs and putative Class members are entitled to restitution pursuant to

21    Business and Professions Code §17203 for all wages and payments unlawfully withheld from

22    employees during the four-year period prior to the filing of this Complaint.

23         123.   Plaintiffs' success in this action will enforce important rights affecting the public

24    interest and in that regard Plaintiffs sue on behalf of themselves as well as others similarly

25    situated. Plaintiffs and putative Class members seek and are entitled to unpaid wages,

26    declaratory and injunctive relief, and all other equitable remedies owing to them.

27

28                                 24

124.  Plaintiffs herein take it upon themselves to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

125.  Wherefore, Plaintiffs and the putative Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a)  Damages and restitution according to proof at trial for all unpaid wages and other injuries, with interest thereon, as provided by the California Labor Code and other laws of the State of California;

b)  For a declaratory judgment that Defendant has violated the California Labor Code, the laws of the State of California, and California public policy as alleged herein;

c)  For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d)  For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

e)  For an order awarding Plaintiffs and the Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiffs and Class members, together with interest on these amounts, according to proof;

f)  For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

25

g)  For all costs of suit;

h)  For such other and further relief as this Court deems just and proper.

Dated: June 22, 2020

Respectfully submitted,

*Carolyn Hunt Cottrell* (SLG)

Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiffs and the Putative Class

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs are entitled to a jury.

Dated: June 22, 2020

Respectfully submitted,

*Carolyn Hunt Cottrell* (SLG)

Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

Attorneys for Plaintiffs and the Putative Class

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Solorio, et al. v. ABC Phones of North Carolina, Inc., et al.*