1  Robert L. Shipley, CA State Bar No. 109420
   rshipley@shipleylaw.com
2  Brandon S. Gray, CA State Bar No. 279881
   bgray@shipleylaw.com
3  ROBERT L. SHIPLEY, APLC
   2784 Gateway Road, Suite 104
   Carlsbad, CA 92009
4  Telephone: +1 760 438 5199

5  Attorneys for Defendant:
   ABC PHONES OF NORTH CAROLINA, INC.

6

7                 **UNITED STATES DISTRICT COURT**

8                 **EASTERN DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| **PRISCILLA SOLORIO and MARIANO DIAZ,** on behalf of themselves and all others similarly situated, | Case No.: 1:20-CV-01051-NONE-JLT |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ABC PHONES OF NORTH CAROLINA, INC.'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS ALLEGATIONS, AND STAY ACTION** |
| vs. | *[CLASS ACTION]* |
| **ABC PHONES OF NORTH CAROLINA, INC.; and DOES 1 through 100,** inclusive, | **Hon. David A. Drozd** **Courtroom #4, 7th Floor** **Date of Hearing**: January 27, 2021 **Time of Hearing**: 9:30 a.m. |
| Defendants. | *[Notice of Motion and Motion, Declarations of Patel and Shipley, Exhibits Concurrently filed herewith]* |

\\\
\\\
\\\
\\\
\\\
\\\

-0- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY
ACTION

## I. *INTRODUCTION*

Plaintiffs PRISCILLA SOLORIO and MARIANO DIAZ (hereafter "Plaintiffs" or "Solorio" or "Diaz," respectively) initiated litigation against ABC PHONES OF NORTH CAROLINA, INC. (hereafter "ABC") by filing a complaint alleging individual wage and hour claims in Kern County Superior Court.

Plaintiffs raise several wage and hour claims against ABC. However, when Plaintiffs were hired by ABC, they each executed an arbitration agreement.

Prior to pursuing this motion, ABC inquired whether Plaintiffs would stipulate to submit their individual claims to arbitration and stay their civil litigation pending completion of arbitration. Plaintiffs indicated that they would not stipulate and would oppose ABC's motion to compel arbitration.

By way of this Motion, ABC respectfully requests that this Court dismiss Plaintiffs' class action allegations, compel Plaintiffs to submit their individual claims to arbitration and stay this matter pending resolution of Plaintiffs' claims at arbitration.

## II. *FACTUAL BACKGROUND*

Plaintiff Diaz was brought on to ABC as part of ABC's acquisition of another wireless company, 4G Wireless. As an employee of 4G Wireless, Diaz was offered a position at ABC as part of the acquisition. Diaz accepted ABC's offer of employment and was on-boarded in or around February 2016. (*See* Declaration of Meenal Patel at ⁋ 4 (hereafter "Patel Decl.").

On or about July 2, 2016, Diaz electronically assented to an Arbitration Agreement with ABC. (Patel Decl. ⁋ 18). As a general rule during the time period that Diaz was on-boarded, ABC required all employees to agree to the Company's arbitration agreement lest they lose the ability to earn commissions on sales. (Patel Decl. ⁋ 5).

Plaintiff Solorio was hired by ABC in or around March 2018. She was not a former 4G employee, so she went through ABC's normal on-boarding process.

-1- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION

1        Solorio and Diaz both utilized ABC's online employee interface called Learning Management

2   System ("LMS") to access a course titled "Arbitration Agreement for CA - ABC Phones of NC" (hereafter

3   "Arbitration Agreement"). (Patel Decl. ⁋⁋ 11-12). In order to access the LMS, or any of the other electronic

4   employment tools ABC's employees utilized, Plaintiffs had to enter a login that was assigned to each of

5   them by ABC at the time each was hired, along with a password that he or she was required to create for

6   himself or herself the first time they each logged on to the system. (Patel Decl. ⁋⁋ 7-10).

7        On July 2, 2016, Plaintiff Diaz used his login credentials and password to log onto the LMS system

8   and view the Arbitration Agreement, which was displayed as an electronic PDF. (Patel Decl. ⁋ 18). On

9   March 9, 2018, Plaintiff Solorio used her login credentials and password to log onto the LMS system and

10  view the Arbitration Agreement, which was displayed as an electronic PDF. (Patel Decl. ⁋ 19). This course

11  was titled "Arbitration Agreement for CA - ABC Phones of NC," which was a "Publications" course

12  within the LMS. After displaying each page of the Arbitration Agreement for each Plaintiff's review, he

13  or she was then required to open another course titled "Arbitration Agreement for CA," which was a

14  "Curriculum" course (hereafter "Arbitration Acknowledgement"). (*Ibid*) ⁋⁋ 11-20. On the screen that

15  appeared when the second course was launched there appeared language stating that by clicking a button

16  labeled "Acknowledge," Solorio and Diaz were each agreeing to the terms of the Arbitration Agreement.

17  (*Ibid*).

18       When a course is completed on the LMS, the system automatically inserts the designation

19  "Completed" in a report that includes the title of the course and the date it was completed by the employee.

20  Diaz's LMS Report indicates that he completed both the Arbitration Agreement and the Arbitration

21  Acknowledgement on July 2, 2016. (Patel Decl. ⁋ 18). Solorio's LMS Report indicates that she completed

22  both the Arbitration Agreement and the Arbitration Acknowledgement on March 9, 2018. (Patel Decl. ⁋

23  19).

24     -2- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
    MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY
    ACTION

1  The Arbitration Agreement to which Plaintiffs each assented included a promise that he or she

2  would arbitrate "any and all disputes or claims by and between Employee, on the one hand, and

3  [ABC]…on the other hand…" (Patel Decl. **Exhibits** "**A**" and "**B**", Arbitration Agreement, section 1).

4  Plaintiffs also promised "to bring any dispute in arbitration on an individual basis only, and not on a class,

5  or collective basis." (Arbitration Agreement, section 3, **Exhibits "A"** & **"B")**.

6  Instead of raising his or her claims individually in arbitration, Solorio and Diaz violated their

7  promises and opted to pursue their claims in this Court on both a class and collective basis. Solorio and

8  Diaz should be compelled to fulfill their obligations and pursue their claims in arbitration on an individual

9  basis.

10 ### III. _LEGAL ARGUMENT_

11 Both Federal and California law evince a strong presumption in favor of enforcing written

12 arbitration agreements. The Federal Arbitration Act (the "FAA") establishes that any agreement to settle

13 disputes by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

14 law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA also provides that "upon being

15 satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue,

16 the court shall make an order directing the parties to proceed with arbitration in accordance with the terms

17 of the agreement." _Id._ § 4 (emphasis added); _see also Simula, Inc. v. Autoliv, Inc._, 175 F.3d 716, 720 (9th

18 Cir. 1999). Similarly, the California Arbitration Act (the "CAA") presumes that an arbitration agreement

19 is enforceable, and mandates arbitration when such an agreement exists. _See_ Cal. Code Civ. Proc. § 1281.2.

20 Based on the mandates of both the FAA and CAA, courts have consistently enforced arbitration

21 agreements arising out of employment relationships. _See Circuit City Stores, Inc. v. Adams_, 532 U.S. 105,

22 123 (2001) ("We have been clear in rejecting the supposition that the advantages of the arbitration process

23 somehow disappear when transferred to the employment context."); _EEOC v. Luce, Forward, Hamilton_

24

-3- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY
ACTION

1   *& Scripps*, 345 F.3d 742, 750-51 (9th Cir. 2003); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24

2   Cal. 4th 83, 90-91 (2000), abrogated on other grounds by *AT&T Mobility v. Concepcion*, 563 U.S. 333,

3   340 (2011).

4   In like terms, both the FAA and the CAA direct a court to enforce an arbitration agreement except

5   upon "such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2; Code

6   Civ. Proc. § 1281.2. To find an arbitration agreement unenforceable, Plaintiffs must show both procedural

7   and substantive unconscionability. *Armendariz*, 24 Cal. 4th at 102; *Mohamed v. Uber Techs., Inc.*, 848

8   F.3d 1201, 1210-12 (9th Cir. 2016) (applying *Armendariz*). The Agreement in this case is neither

9   procedurally nor substantively unconscionable and must therefore be enforced.

10   The FAA requires courts to enforce arbitration agreements "in accordance with the terms thereof."

11   9 U.S.C. § 4. The Supreme Court has held that courts must "rigorously enforce arbitration agreements

12   according to their terms . . . unless the FAA's mandate has been overridden by a contrary congressional

13   command." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013)(citations and internal

14   quotation marks omitted); *see also CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012)

15   (requiring a party challenging an arbitration agreement to show that a different federal statute includes an

16   express "contrary congressional command" that overrides the FAA).

17   **IV.   *ELECTRONIC ASSENT***

18   Plaintiffs demonstrated their assent to ABC's Arbitration Agreement electronically. Employees

19   are authorized to demonstrate their assent to an arbitration agreement by way of electronic means. *See e.g.*

20   *Rezaeian v. Starbucks Corp.*, No. 16-04599 2017 U.S. Dist. LEXIS 102677 *16-17 (C.D. Cal. Feb. 8,

21   2017). "A record or signature may not be denied legal effect or enforceability solely because it is in

22   electronic form." Cal. Civ. Code § 1633.7(a). "An electronic record or electronic signature is attributable

23   to a person if it was the act of the person. The act of the person may be shown in any manner, including a

24   -4- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY
ACTION

showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." Cal. Civ. Code § 1633.9(a).

In *Rezaeian*, an employee sued her employer, Starbucks, claiming harassment and wrongful termination while she was an employee. *Id.* at *1-2. In response to the employee's complaint in the district court, Starbucks asserted an arbitration agreement that was presented to the employee electronically as part of her hiring process. *Id.* at *3. The employee assented to the arbitration agreement electronically by clicking through the agreement and providing a "click signature." *Id.* at *11. The *Rezaeian* court enforced the arbitration agreement and noted that several other trial courts had reached similar conclusions. *See Gonzalez v. Ceva Logistics U.S., Inc.*, No. 16-CV-04282-WHO, 2016 U.S. Dist. LEXIS 150766, 2016 WL 6427866, at *3 (N.D. Cal. Oct. 31, 2016) (a defendant that submitted the declaration of a human resources director detailing the defendant's practices and procedures for online job applications "has offered adequate evidence that only [the plaintiff] could have filled out this form, that the document could not have been altered after it was submitted, and that [the plaintiff] herself signed the arbitration agreement.") *Hose v. Washington Inventory Servs., Inc.*, No. 14CV2869-WQH-WVG, 2016 U.S. Dist. LEXIS 188368, 2016 WL 6427810, at *6 (S.D. Cal. Aug. 30, 2016) (based on witnesses and declarations of the defendant, "[t]he Court finds that there is evidence in the record that the [plaintiffs] signed the [arbitration agreements]" in spite of the plaintiffs' argument that they did not recall signing the agreements); *Tagliabue v. J.C. Penney Corp., Inc.*, No. 1:15-CV-01443-SAB, 2015 U.S. Dist. LEXIS 167739, 2015 WL 8780577, at *2 (E.D. Cal. Dec. 15, 2015) ("[C]ourts have found the declaration of the human resource employees sufficient to authenticate electronic signatures.").

In this case, Defendant's employee, Meenal Patel, has provided a detailed description of the operation of ABC's LMS system, which Plaintiffs used to assent to the Arbitration Agreement. This Court can be sure that Plaintiffs provided such assent because the LMS system was used only by ABC

-5- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION

employees, and Plaintiffs each had a unique login and a self-created password. The LMS system was used to communicate numerous policies and agreements between Plaintiffs and ABC, including the Company's benefit plan and commission plans applicable to Plaintiffs. They also used their login credentials to access payroll and sales performance information. Not only were Plaintiffs directed to keep their credentials confidential, they had great incentive to do so.

## V.   *ABC'S ARBITRATION AGREEMENT HAS BEEN ENFORCED BY OTHER COURTS*

On or about October 11, 2018, a trial court in the Central District granted ABC's motion to compel arbitration and stay action against a former employee who had electronically signed the same arbitration agreement with ABC.  *See* Civil Minutes - General, *Itkoff v. ABC Phones of North Carolina*, No. 02043-JLS-JDE (C.D. Cal. October 11, 2018); Shipley Decl. ¶ 4, **Exhibit "G"**. The same trial court did so, in two other cases as well—*Akrami v. ABC Phones of North Carolina, Inc.* and *Aguilar v. ABC Phones of North Carolina, Inc. See* Civil Minutes - General, *Akrami v. ABC Phones of North Carolina*, No. 2:19-cv-02547-JLS-JDE (C.D. Cal. November 27, 2019) and *Aguilar v. ABC Phones of North Carolina, Inc.* No. 2:19-cv-02244-JLS-JDE (C.D. Cal. November 27, 2019); Shipley Decl. ¶¶ _, **Exhibits "H" & "I".** The circumstances in which the employees in *Itkoff, Akrami,* and *Aguilar* electronically signed arbitration agreements in those cases are substantially similar to the circumstances in this case. This Court should also grant ABC's motion to compel arbitration and dismiss Plaintiffs' class action allegations.

## VI.   *ACTION SHOULD BE STAYED*

"If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to

-6- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION

arbitrate or until such earlier time as the court specifies." Cal. Code Civ. Proc. § 1281.4; *see also Muao v. Grosvenor Properties, Ltd.*, 99 Cal. App. 4th 1085, 1093(2002).

## VII.   <u>CONCLUSION</u>

Plaintiffs Solorio and Diaz promised to bring any claims against ABC in the arbitration forum on an individual basis. Both California law and Federal law stand for the proposition that Plaintiffs' promises should be enforced. Only when there is a traditional contract defense, like unconscionability, should a promisor be relieved of his or her promise in this context. In this case, no traditional contract defense is available to either Plaintiff. ABC respectfully requests that this Court compel Plaintiffs to arbitrate their claims, to dismiss their class action allegations, and stay this case pending completion of arbitration.

**ROBERT L. SHIPLEY, APLC**

Dated November 25, 2020

By: */s/Robert L. Shipley*
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA, INC.

-7- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION

Case No. 1:20-cv-01051-NONE -JLT

# EXHIBIT INDEX

**Exhibit "A"**
Arbitration Agreement ..................................................................................3
**Exhibit "E"**
Order on MTC Arbitration in Itkoff v ABC ...................................................7
**Exhibit "F"**
Akrami v ABC Order on MTC .........................................................................7
**Exhibit "G"**
Aguilar v ABC Order on MTC ........................................................................7

-8- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on November 25, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule 135 (Fed. R. Civ. P. 5). Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.


**ROBERT L. SHIPLEY, APLC**

Dated November 25, 2020

By: */s/Robert L. Shipley*
Robert L. Shipley
rshipley@shipleylaw.com
Brandon S. Gray
bgray@shipleylaw.com
Attorneys for Defendant
ABC PHONES OF NORTH CAROLINA,INC.
dba VICTRA

-9- DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION; DISMISS CLASS ACTION ALLEGATIONS; STAY ACTION