UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA SOLORIO and MARIANO DIAZ, on behalf of themselves and all others similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC. and DOES 1-100,<br><br>Defendant. | No. 1:20-cv-1051-NONE-JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION<br><br>(Doc. Nos. 7, 14) |

Priscilla Solorio and Mariano Diaz were employed by ABC Phones of North Carolina, Inc. ("ABC"), in California retail locations, and they seek to hold ABC liable for wage and hour violations under California law, on behalf of themselves and a class of similarly situated individuals. (*See* Doc. No. 1-3.) ABC asserts that the plaintiffs agreed to arbitrate claims related to their employment on an individual basis, and ABC now seeks to compel arbitration pursuant to the agreements. (Doc. No. 7.) Plaintiffs oppose the motion, arguing that ABC failed to establish the existence of an arbitration agreement and that, in the alternative, any agreement between the parties was unconscionable. (Doc. No. 8.)

/////

/////

1

# BACKGROUND

## A. Findings of the Magistrate Judge

The assigned magistrate judge determined the motion was suitable for decision without oral arguments and took the matter under submission pursuant to General Order 618 and Local Rule 230(g). (Doc. No. 12.) The magistrate judge noted Diaz did not dispute that he signed an arbitration agreement with ABC. (Doc. No. 14 at 9.) Although Solorio asserted she did not recall what documents she signed, Solorio did not deny her use of the system containing the agreement. (*Id*. at 14–15.) The magistrate judge determined ABC presented evidence that established Solorio assented to the arbitration terms during her "on-boarding" process for employment. (*Id.* at 9, 16.)

Having determined there was an agreement, the magistrate judge evaluated the terms, and found the arbitration agreement was not permeated by unconscionability. While the magistrate judge determined some degree of procedural unconscionability was present to the extent plaintiffs were unable to negotiate the agreement, the only substantively unconscionable provision concerned ABC's purported authority to make unilateral amendments to the agreement. (Doc. No. 14 at 17–26.) In addition, the magistrate judge found the arbitration agreement encompassed the wage and hour claims presented in the complaint. (*Id.* at 27.) Therefore, the magistrate judge recommended severing the clause governing amendments to the agreement—as the only substantively unconscionable provision—and granting the motion to compel arbitration on an individual basis. (*Id.* at 28.) Further, the magistrate judge recommended staying this action pending the completion of arbitration. (*Id.* at 27, 28.)

## B. Objections and Response

The parties were granted fourteen days to file any objections to the recommendations of the magistrate judge, and "advised that failure to file objections within the specified time may waive the right to appeal the District Court's order." (Doc. No. 14 at 28, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).) Plaintiffs timely filed objections on February 17, 2021. (Doc. No. 15.) ABC filed a response thereto on March 3, 2021. (Doc. No. 16.)

/////

Plaintiffs assert that the magistrate judge erred by "not apply[ing] the required Rule 56-like standard in finding the arbitration agreement exists for Plaintiff Solorio." (Doc. No. 15 at 5.) Plaintiffs observe that "[o]nly when no genuine disputes of material fact surround the arbitration agreement's existence may the court compel arbitration." (*Id.*, quoting *Hansen v. Rock Holdings, Inc.*, 434 F. Supp. 3d 818, 823–24 (E.D. Cal. 2020).) According to plaintiffs, "[w]hen this correct standard is applied, the additional, unexplained arbitration modules for Plaintiff Solorio must be considered," which "suggest … [she] executed two arbitration agreements on the same day." (*Id.*) Plaintiffs assert that because Solorio executed two agreements, "it is impossible to say for certain that the arbitration agreement at [Doc. No.] 7-4 is the operative agreement for Plaintiff Solorio," and the court "must assume under [the Rule 56] standard that the second, unproffered agreement is actually the operative agreement." (*Id.* at 5–6.) Plaintiffs maintain "there is a genuine, bona fide dispute as to whether the agreement at [Doc. No.] 7-4 exists between Plaintiff Solorio and Defendant." (*Id.* at 6.)

In response, ABC contends the court should find Solorio waived her argument regarding the possibility of two arbitration agreements, because she did not raise the argument in her opposition to the pending motion and made only "passing remarks" in the sur-reply. (Doc. 16 at 2–4.) ABC asserts:

> Although Plaintiff Solorio indicated in her Opposition papers that she was aware of the entries on her LMS report upon which she bases her new argument, she never raised any argument that one agreement she electronically signed might supersede the other until her Objection papers to the Magistrate's Findings. She made a strategic decision not to raise this new argument earlier, most likely because to raise such an argument, she would have had to concede that the arbitration agreement proffered by Defendant in its moving papers was binding and enforceable.

(*Id.* at 3.) Further, ABC notes that Solorio "did not argue in her SurReply that she signed two arbitration agreements with Defendant and that the one proffered by Defendant may have been superseded by a later agreement. She argued that the other entries on her LMS report bolstered her argument 'that the agreement was a thoughtless adhesion contract, dumped on Plaintiff.'" (*Id.* at 4.) ABC observes the magistrate judge addressed the issues as raised by Solorio and asserts that the new argument advanced by plaintiff now in objections should be rejected. (*Id.* at 4–5.)

3

1  Finally, ABC contends if the court wishes to address the new argument, the relevant business
2  records show the relevant California arbitration agreement was "the most recently executed
3  agreement" by Solorio.  (*Id.* at 6, citing Biscardi Decl., Exh. K.)

## ANALYSIS

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations…." 28 U.S.C. § 636(b)(1).  If objections to the findings and recommendations are filed, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *See Brown v. Roe*, 279 F.3d 742, 744 (2002) (internal quotation marks, citation omitted).  In addition, the "court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations." *Syed v. M-I, L.L.C.*, No. 1:12-cv-1718-AWI-MJS, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (citing *Brown*, 279 F.3d at 745); *see also Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("Arguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below. . . . The district court was well within its discretion in applying this rule to matters heard in the first instance by the magistrate.").

**A.     Findings as to Diaz**

As an initial matter, the plaintiffs do not object to the findings of the magistrate judge as to the existence of an arbitration agreement between plaintiff Diaz and defendant.  (*See* Doc. No. 15.)  Further, there are no objections raised as to the findings related to the validity of defendant's agreement with Diaz.  The court has reviewed the findings of the magistrate judge related to the arbitration agreement between Diaz and ABC and finds they are supported by the record and proper analysis.

4

**B.     Findings as to Solorio**

Solorio first asserts the magistrate judge erred in evaluating the evidence related to the existence of a contract between Solorio and ABC, because application of the Rule 56 standards would mandate a finding that there was a dispute of material fact. (Doc. No. 15 at 5.) However, Solorio fails to present any evidence that conflicts with the evidence presented by ABC related to the existence of an arbitration agreement between Solorio and ABC.

Solorio reported that when she began to work for ABC, she "was required to sign some documents," but she did "not recall what specifically those documents were." (Doc. No. 8-1 at 2, Solorio Decl. ¶ 4.) Solorio did not deny her use of the LMS system as part of the "onboarding process." (*See id.*) Importantly, as the magistrate judge observed, "nothing in the law requires a party to remember having contracted for the agreement to be valid." (Doc. No. 14 at 15, quoting *Pinto v. Squaw Valley Resort, LLC*., No. 2:17-cv-02281-MCE-CKD, 2018 WL 5630702 at *2 (E.D. Cal. 2018).) The fact that a person "does not remember signing [an] Arbitration Agreement … is not sufficient" to challenge the existence of an agreement. (*Id.,* quoting *Garcia v. NRI USA, LLC*, No. 2:17-cv-08355-ODW-GJS, 2018 WL 3702293 (C.D. Cal. Aug. 1, 2018).)

Courts applying the Rule 56 standard have determined that a self-serving affidavit or one stating an inability to recall information does not create a genuine issue of material fact. *See, e.g.*, *FTC v. Publ'g Clearing House*, 104 F.3d 1168, 1171 (9th Cir. 1996); *Wysong v. City of Heath*, 260 F. App'x 848, 858 (6th Cir. 2008) (when the plaintiff cannot recall a crucial event in the face of the defendant's admissible evidence, the plaintiff "cannot beat something with nothing"); *Zeinali v. Raytheon Co.*, No. 07-cv-1852-MMA (CAB), 2011 WL 2669459 (S.D. Cal. July 7, 2011) (finding the plaintiff's statement that he cannot remember information was a "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, [and] is insufficient to create a genuine issue of material fact"); *Meza v. Douglas Cnty. Fire Dist. No. 2*, No. 2:15-cv-115-RMP, 2016 WL 3746568, at *2 (E.D. Wash. July 8, 2016) (explaining the court cannot make findings "purely on speculation and generalizations," and "as Meza cannot recall the specifics of his arbitration testimony, Meza has not demonstrated a genuine issue of material fact"). Thus, Solorio's statement that she "did not recall" what documents she signed, without more, was

5

insufficient to raise a genuine issue of material fact related to the existence of the arbitration agreement or its validity.[1]

Here, the magistrate judge did not err in finding that Solorio completed the arbitration courses in the ABC system and assented to the arbitration agreement terms with a digital signature. No dispute of material fact exists as to the existence of the arbitration agreement between ABC and Solorio. Plaintiffs fail to show any error by the magistrate judge in her evaluation of the evidence and determination that no disputed issue of material fact precluding summary judgment had been established.

Although Solorio argues now for the first time that the agreement she signed may have been superseded by another arbitration course and agreement completed in the LMS system, she again has not presented any *evidence* to support this assertion. Mere speculation is not sufficient at this juncture. Nevertheless, the court has exercised its discretion and reviewed the evidence submitted by ABC in response. This evidence demonstrates the "Arbitration Agreement of CA - ABC Phones of NC" was the most recent agreement completed by Solorio in the LMS System, and it was not superseded by any other arbitration agreement. (*See* Doc. No. 16-1 at 2–3, Biscardi Decl. ¶¶ 4-10; Doc. No. 16-2 at 2; Doc. No. 16-3 at 2.)

## CONCLUSION

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this court conducted a *de novo* review of

---

[1] As the magistrate judge noted, the facts in this matter are similar to those in *Garcia v. NRI USA LLC*, in which a plaintiff's challenge to the validity of an arbitration agreement failed where the plaintiff "[did] not remember signing it." (Doc. No. 14 at 15, citing *Garcia*, No. 2:17-cv-08355-ODW-GJS, 2018 WL 3702293 (C.D. Cal. Aug. 1, 2018).) The defendants in that case presented evidence to establish the plaintiff consented to the arbitration agreement, including that: (1) each employee or prospective employee was required to create an online user account for the company's HR System, which included a unique username and password; (2) the plaintiff was required to use that username and password when signing in HR System; (3) the only way to access the arbitration agreement was through the HR System; and (4) the plaintiff "affirmatively indicated through the HR System her agreement to abide by the terms and conditions of the Arbitration Agreement and her electronic signature and the date was automatically inserted on the form." *Garcia*, 2018 WL 3702293, at *2–3. The court found the plaintiff's "testimony that she does not remember signing the Arbitration Agreement or accessing the online system is not sufficient to contradict [this] evidence." *Id*.

the case.  Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis.  Plaintiffs' objections thereto are overruled.  Accordingly,

1. The findings and recommendations dated February 3, 2021 (Doc. No. 14) are adopted in full;
2. The clause governing amendment is severed from the arbitration agreement;
3. Defendant's motion to compel arbitration on an individual basis (Doc. No. 7) is granted;
4. The matter is stayed to allow the completion of the arbitration;
5. Counsel are directed to file a joint status report within 120 days and every 120 days thereafter. In addition, counsel shall to file a joint status report within 10 days of the determination by the arbitrator; and
6. The court hereby retains jurisdiction to confirm the arbitration award and enter judgment for the purpose of enforcement.

IT IS SO ORDERED.

Dated:  **June 10, 2021**                                   /s/ Dale A. Drozd
                                                                       UNITED STATES DISTRICT JUDGE