|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| PRISCILLA SOLORIO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC. and DOES 1-100,<br><br>Defendants. | Case No. 1:20-cv-01051-JLT-CDB<br><br>**ORDER EXTENDING TIME FOR PARTIES TO FILE DISPOSITIONAL DOCUMENTS**<br><br>(Doc. 85)<br><br>**<u>FIVE-DAY DEADLINE</u>** |

On or around June 22, 2020, Plaintiffs Priscilla Solorio and Mariano Diaz ("Plaintiffs") commenced a putative class action against Defendants in the Superior Court of California, County of Kern. (Doc. 1). The action was removed to federal court by Defendant ABC Phones of North Carolina, Inc. ("ABC Phones"), on July 30, 2020. *Id.* In their complaint, Plaintiffs (as former employees of Defendant ABC Phones) assert numerous wage and compensation claims under the California Labor Code and Business & Professions Code.

On June 10, 2021, the Court granted Defendant ABC Phones' motion to compel arbitration of Plaintiffs' individual claims and stayed the case pending completion of arbitration. (Doc. 17). Defendant ABC Phones thereafter filed periodic status reports updating the Court about progress of the arbitration. In their joint status report filed June 6, 2023, the parties represented that they voluntarily vacated the pending arbitration because they had "agreed to an individual settlement of this

1

matter," and further represented they expected to reach a fully executed settlement agreement by the end of the month. (Doc. 31). On June 20, 2023, the Court ordered the parties to file a notice of settlement to include a timeline for filing dispositional documents. (Doc. 32).

On August 7, 2023, the parties filed a notice of settlement in which they confirmed executing a settlement agreement on August 4, 2023, and further represented they anticipated filing a stipulation of dismissal within 21 days. (Doc. 33). The Court ordered the parties to file dispositional documents or to show cause why an extension of time was warranted no later than August 28, 2023. (Doc. 34)

Pending before the Court is the parties' stipulation seeking a 14-day extension of the time within which to file dispositional documents. (Doc. 85). The parties assert good cause for an extension exists because their settlement agreement provides that the filing of a stipulated dismissal is conditioned upon receipt of the settlement funds, which has yet to occur.

Since it is clear from the pleadings that the parties have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Awaiting disbursement of settlement funds is not an appropriate basis for delaying disposition of a federal lawsuit that the parties have settled by agreement. That is because in the case of an alleged breach, the parties have recourse through a suit on the settlement contract.

The Court declines to order dismissal at this juncture as it is apparent the parties have worked diligently to reach a negotiated resolution of their claims. Accordingly, the Court will grant the parties five (5) days to file an appropriate stipulation for dismissal.

/ / /

/ / /

For the foregoing reasons, IT IS HEREBY ORDERED the parties shall file dispositional documents within five (5) days of entry of this Order.

IT IS SO ORDERED.

Dated:  **August 29, 2023**                              _____
UNITED STATES MAGISTRATE JUDGE