UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRISCILLA SOLORIO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABC PHONES OF NORTH CAROLINA, INC.,<br><br>Defendant. | Case No. 1:20-cv-01051-JLT-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 37) |

This action was removed from Kern County Superior Court on July 30, 2020. (Doc. 1). The parties filed a notice of settlement on August 7, 2023. (Doc. 33). Thereafter, the Court directed the parties to file dispositional documents by September 5, 2023. (Docs. 34, 36)

Pending before the Court is the parties' Stipulation of Dismissal, filed on September 1, 2023 (Doc. 37), in which the parties stipulate to dismiss Plaintiff's individual claims with prejudice and putative class members' claims without prejudice.

Here, Plaintiff is entitled to dismiss her individual claims (at least) without court order pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which permits a plaintiff to dismiss his action with a stipulation signed by all parties who have appeared.

In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising

out of either a (1) "certified class" or (2) "class **proposed to be certified for purposes of settlement** ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In the initial stages of the case, the Court granted Defendant's motion to compel arbitration of the individual claims and stayed the action. (Doc. 17). Ultimately, the parties vacated the arbitration and entered into a settlement agreement of all individual claims at issue in the case. (Docs. 31, 37). As such, case management dates for the action have not been scheduled and, thus, Plaintiff has not sought class certification. Accordingly, while the case is a putative class action, no class has yet been certified, nor is certification being proposed for purposes of settlement.

The parties jointly seek to dismiss this action with prejudice as to Plaintiff's individual claims, and the putative class claims under Rule 41(a)(1) without prejudice. Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the parties' filing that is consistent with Rule 41(a)(1)(A)(ii) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

/ / /

/ / /

/ / /

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1).

IT IS SO ORDERED.

Dated:   **September 1, 2023**                   _____
                                                  UNITED STATES MAGISTRATE JUDGE

3